UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

KEITH GATEHOUSE, individually

    Plaintiff,

v.

MOBOOKA, LLC, a Florida limited liability company

    Defendant.

CASE NO.  1:16 CV 24823

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, KEITH GATEHOUSE, an individual, by and through his undersigned counsel, hereby brings this action seeking declaratory judgement and injunctive relief against MOBOOKA, LLC., a Florida limited company (the "Defendant"), and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages valued in excess of $75,000.00 exclusive of interest, costs, and attorneys' fees.

2. At all times relevant to this action, Plaintiff, is and continues to be a resident of Bangkok in the Kingdom of Thailand.

1

3. Defendant Mobooka, LLC. ("Mobooka") is a limited liability company organized under the laws of the State of Florida. Defendant Mobooka is (a) registered to conduct business in the State of Florida, (b) is conducting business in the State of Florida, and (c) maintained its principal place of business in the State of Florida at 2910 Maguire Road, Suite 2010, Ocoee, FL 34761 during all times relevant to this action.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, in that (a) the parties are completely diverse in citizenship, and (b) the amount in controversy, exclusive of interest and costs exceeds $ 75,000.

5. Venue of this action is properly in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391 because Plaintiff is seeking injunctive relief in this district. Specifically, the injunctive relief will apply to the arbitration described in Paragraph 6, below, which is being administered by the American Arbitration Association in Miami-Dade County, Florida.

## **FACTS COMMON TO ALL COUNTS**

6. On October 25, 2016, Defendant filed a Demand for Arbitration with the American Arbitration Association, located at 100 S.E. 2nd Street, Miami, Florida 33131 (the "AAA"), against Ace Icon Ltd., a Seychelles company ("Ace Icon"), and Plaintiff as an individual (the "AAA Arbitration"). The AAA case number for the AAA Arbitration is 01-16-0004-6644.

7. The Demand for Arbitration arises out of a master service agreement (the "Master Services Agreement") executed in November 2015 by Defendant Mobooka and Ace Icon. (the Demand for Arbitration (with the Master Service Agreement as an exhibit) is attached to this Complaint as "Exhibit A").

8.  The Master Services Agreement is a form contract which was drafted and prepared by Defendant.

9.  Plaintiff signed the Master Services Agreement solely in his capacity as a director of Ace Icon. Plaintiff's signature on the Master Services Agreement was preceded by the word "by" and was accompanied by a *description personae* identifying Plaintiff as a "Director" of Ace Icon.

10. The Master Services Agreement contains a signature line for a "Guarantor", which has been left blank.

11. Plaintiff did not agree to be the "Guarantor" in the Master Services Agreement and did not personally guarantee the obligations of Ace Icon under the Master Services Agreement.

12. Plaintiff did not intend to be the "Guarantor" in the Master Services Agreement or to personally guarantee the obligations of Ace Icon under the Master Services Agreement.

13. At the time the agreement was executed, Defendant knew or should have known that Plaintiff did not assume personal liability because he did not sign in the space provided for an individual guarantor, had no intention to sign as a guarantor and did not intended to assume personal liability under the agreement. However, Defendant never disputed the blank signature line, despite the fact that the Master Services Agreement was prepared and drafted by Defendant and Defendant was well acquainted with the content and form of its own agreement.

14. The Master Services Agreement contains an arbitration clause, in Section 11 of the Master Services Agreement, specifying that all disputes arising under the Master Services Agreement shall be submitted to arbitration under the rules of the AAA (the "Arbitration Clause"). Defendant's filing of its Demand for Arbitration is pursuant to the Arbitration Clause.

15. Plaintiff is not bound by the Arbitration Clause because Plaintiff is not a party to the Master Services Agreement and is not bound by the Arbitration Clause.

16. Any arbitration proceedings commenced under the Arbitration Clause will have no jurisdiction or authority over Plaintiff.

## COUNT I
## DECLARATORY JUDGMENT

17. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 16 herein.

18. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 - § 2202 (the "Declaratory Judgment Act").

19. The declaration requested deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts.

**WHEREFORE,** Plaintiff requests that the Court enter a judgment declaring that:

(1) Plaintiff is not a personal guarantor of the obligations of Ace Icon under the Master Services Agreement and is not liable to Defendant for such obligations; and

(2) the AAA Arbitration does not have jurisdiction over Plaintiff in any arbitration related to the Master Services Agreement because he is not a party to such agreement and did not agree to the Arbitration Clause.

## COUNT II
## INJUNCTIVE RELIEF

20. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 20 herein.

21. Plaintiff has a great likelihood of suffering substantial harm and irreparable damage as a result of the AAA Arbitration. If this Court finds in Plaintiff's favor on Count I of this Complaint and the AAA Arbitration is not stayed pending this Court's ruling, Plaintiff will have been forced to spend unnecessary attorney's fees and costs in his defense. In addition,

Plaintiff runs the risk of having an arbitration award entered against him by an arbitration proceeding which has no jurisdiction over him.

22. In contrast, Defendant will suffer no harm or prejudice by such a stay of the AAA Arbitration during the pendency of this lawsuit.

23. Upon a declaratory judgment on Count I of the Complaint, in Plaintiff's favor, Defendant will suffer no harm or prejudice by the entry of a permanent injunction directing Defendant to dismiss, with prejudice, Plaintiff from the AAA Arbitration.

**WHEREFORE**, Plaintiff requests that the Court enter:

(1) a preliminary injunction (a) staying the AAA Arbitration during the pendency of this action and (b) ordering Defendant to comply with such stay;

(2) a permanent injunction, upon a declaratory judgment on Count I of the Complaint, in Plaintiff's favor, directing Defendant to dismiss, with prejudice, Plaintiff from the AAA Arbitration.

Dated: November 17, 2016

KRAVITZ & CO. PA
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305) 335-0330
Facsimile: (305) 716-9174
adam@kravitzco.com

By: // Adam Kravitz
Adam Kravitz, Esq.
Florida Bar No.: 987425
*Attorneys for Plaintiff*