UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-24823-CIV-ALTONAGA/O'Sullivan

**KEITH GATEHOUSE**,

    Plaintiff,
v.

**MOBOOKA, LLC**,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Stated differently, it is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Plaintiff, Keith Gatehouse ("Plaintiff") filed this suit on November 17, 2016. (*See* Complaint . . . ("Complaint") [ECF No. 1]). Plaintiff contends he is a resident of Bangkok in the Kingdom of Thailand; and Defendant, Mobooka, LLC ("Defendant") is an LLC organized under the law of the State of Florida. (*See id.* ¶¶ 2–3). Subject matter jurisdiction is alleged to be diversity of citizenship pursuant to 28 U.S.C. section 1332 (*see id.* ¶ 4), but the citizenship of each of the members of the Defendant limited liability company is not alleged (*see generally id.*).

As a limited liability company, Defendant is only a diverse party if all of its members have citizenship different from Plaintiff. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[L]ike a limited partnership, a limited

liability company is a citizen of any state of which a member of the company is a citizen. . . . To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." (alterations added)).

Before the Court may assess whether there is in fact diversity jurisdiction, Plaintiff must make allegations detailing the citizenship of each of the Defendant's members. *See, e.g.*, *Bou-Matic, LLC v. R.J. Fullwood & Bland, Ltd.*, No. 08-cv-441-bbc, 2008 WL 4691831, at *2 (W.D. Wis. Oct. 22, 2008) (requiring plaintiff to submit a supplement to the complaint alleging the locations of the citizenships of each of its members to assure court had subject matter jurisdiction); *Criswell v. Convenience Stores, Inc.*, No. 5:08-CV-257 (HL), 2008 WL 4098946, at *2 (M.D. Ga. Aug. 28, 2008) (Because jurisdictional allegations were "lacking," court required plaintiff to correct the "deficient allegations of citizenship").

Additionally, while Plaintiff alleges he is a resident of Bangkok in the Kingdom of Thailand, he does not allege his citizenship or domicile. "Pleading residency is not the equivalent of pleading domicile." *Leoncio v. Louisville Ladder, Inc.*, No. 13-21837-CIV, 2013 WL 12059614, at *2 (S.D. Fla. June 28, 2013) (citing *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 1330, 1341 (11th Cir. 2011); *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971)).

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Keith Gatehouse shall file an amended complaint or declaration containing his place of citizenship, as well as the names and citizenship of each of Defendant's members no later than **December 16, 2016**.

CASE NO. 16-24823-CIV-ALTONAGA/O'Sullivan

**DONE AND ORDERED** in Miami, Florida this 1st day of December, 2016.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record